**PAN AMERICAN TRADE DEVELOP-MENT CORPORATION, Libelant,**

v.

**M/V HELGA HOWALDT and Compagnie Generale Transatlantique French Line, Respondent.**

No. 65-47.

United States District Court
S. D. Florida.

April 13, 1966.

A. Dan Killian, Jr., of Sherouse & Corlett, Miami, Fla., for libelant.

Frank J. Marston, of Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DYER, Chief Judge.

This cause was tried by the Court without a jury upon a libel in personam for cargo damage filed by the libelant, PAN AMERICAN TRADE DEVELOPMENT CORPORATION, against the M/V "HELGA HOWALDT" and COMPAGNIE GENERALE TRANSATLANTIQUE FRENCH LINE. The Court having considered the evidence, the exhibits, and the briefs of proctors for the respective parties, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Libelant, Pan American Trade Development Corporation, and Respondent, Compagnie Generale Transatlantique French Line, are corporations, and at the time material hereto the said respondent was the owner and operator of the M/V "Helga Howaldt", a general cargo ship engaged in the common carriage of merchandise by water for hire in foreign and international commerce.

2. On or about February 15, 1964, there was delivered to the respondent 160 lifts of steel tie rods measuring ¼th inch in diameter and 20 feet in length for which respondent issued bill of lading No. 59 covering 55 of the aforesaid lifts and bill of lading No. 61 covering 105 lifts, all of which were placed on board said vessel at the Port of Antwerp to be and was transported to the Port of Port Everglades, Florida, where it arrived on or about March 31, 1964.

3. At all times material to this action, Libelant, Pan American Trade Development Corporation, was the owner of the cargo shown on said bills of lading.

4. No exceptions relating to the condition of the cargo were noted on the bills of lading issued by the respondent. The bills of lading incorporated the terms of the Carriage of Goods by Sea Act, Title 46, U.S.C.A. § 1302 et seq.

5. At the time of discharge of the cargo, the presence of rust on the cargo and some bending was noted.

6. Subsequent to discharge of the cargo from the vessel, the cargo was rejected by the consignee, Universal Steel and Construction Materials, Inc.

7. In June or July, 1964, the libelant and the consignee Universal Steel and Construction Materials, Inc., entered into an agreement whereby the cargo was sold to the consignee by the libelant at an amount representing fifty percent of the invoice value of the cargo or $8,390.54, by the libelant agreeing to extend credit to the consignee without interest and to sell like cargo to the consignee for amounts below the existing market value representing the aforesaid figure.

8. The rusting of the cargo was superficial in nature and caused by contact between the cargo and normal atmospheric elements.

9. Because the bands securing the individual lifts of the cargo were located three to four feet from the ends of the lifts, bending was caused in the ordinary course of handling by such improper packing.

10. Neither the rusting nor bending affected the intended purposes to which this cargo is customarily put.

11. Subsequent to the agreement entered into between the consignee and the libelant, the consignee disposed of this cargo by forty-four separate sales to various customers located in the South Florida area. The average amount received was approximately 20 percent in excess of the sound market value of this cargo which was invoiced prior to the agreement between the consignee and the libelant.

12. There was no increase in the market price or in the market value of such cargo in a sound condition during the time that sales of this cargo were made.

13. No exceptions were noted by the consignee's customers on delivery as to the condition, nor have any claims been made by these customers as a result of rusting or bending of the cargo.

14. Nothing unusual or extraordinary occurred during the course of ocean carriage that in any way contributed to the complained-of damage.

### Conclusions of Law

1. The Court has jurisdiction of the parties, and the subject matter of the libel is within the admiralty and maritime jurisdiction of the Court.

2. The damage complained of was the result of inherent vice and insufficient packing, exceptions to respondent's liability contained in the Carriage of Goods by Sea Act.

3. The libelant is not entitled to recover damages from the respondent.

Final Decree in conformity with the foregoing Findings of Fact and Conclusions of Law to be settled and submitted within ten (10) days.